UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| DENIA ELIZABETH ESPINOZA DUBON and ADANELIA MEJIA de FLORES, *Plaintiffs*, v. RELIABLE ASSETS, INC. *et al.*, *Defendants* | JURY TRIAL DEMANDED<br><br>Civ. No: 1:16-cv-1172-AJT-MSN |

**Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss**

This Court should deny Defendants' motion to dismiss Plaintiffs' Complaint for three reasons. First, Plaintiffs have filed an Amended Complaint in this matter, so any motion to dismiss the original Complaint should be denied as moot. Second, Plaintiffs' Amended Complaint states a claim for unpaid overtime wages under the federal Fair Labor Standards Act and for breach of contract under Virginia law, sufficient to survive a motion under Rule 12(b)(6). Third, Plaintiffs' state-law contract claims are not preempted by their federal-law FLSA claims.

**I. Plaintiffs have filed an Amended Complaint in this matter, so the motion to dismiss the original Complaint should be dismissed as moot.**

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of right within 21 days after being served with a motion under Rule 12(b). Fed. R. Civ. P. 15(a)(1)(B). Defendants filed and served their motion on October 13 (ECF No. 5), and Plaintiffs filed their Amended Complaint on October 17—four days later. (ECF No. 8). Thus, the

1

Amended Complaint is the operative pleading in this case. And as this court has observed, "It is well settled that an amended pleading supersedes the original, and motions directed at superseded pleadings must be denied as moot." *Dykes v. Portfolio Recovery Associates, LLC*, 306 F.R.D. 529, 530 (E.D. Va. 2015), *citing Young v. City of Mount Ranier* [sic], 238 F.3d 567, 573 (4th Cir. 2001) ("[A]n amended pleading supersedes the original pleading, rendering the original pleading of no effect."). Therefore, Defendants' motion to dismiss the original Complaint should be denied as moot.

## II. The Amended Complaint states a claim under the FLSA for unpaid overtime.

Defendants' principal argument for dismissal is that Plaintiffs' Complaint allegedly fails to state a claim under the FLSA for unpaid overtime. As noted above, however, Plaintiffs have amended their complaint since Defendants' motion was filed, rendering most of Defendants' argument moot. And as shown below, Plaintiffs' Amended Complaint states a claim for unpaid FLSA overtime, sufficient to survive a motion under Rule 12(b)(6).

As this court has observed, "Federal courts across the country have diverged regarding the level of specificity required to be pled in a FLSA claim in order to survive a Rule 12(b)(6) motion to dismiss." *Rodriguez v. F&B Sols. LLC*, 20 F. Supp. 3d 545, 547 (E.D. Va. 2014). Defendants' three principal cases in support of their motion come from the First, Second, and Ninth Circuits. (*See* ECF No. 6 at 6–7). Like other district courts within the Fourth Circuit, however, this court applies a different standard. In the *Rodriguez* case, Judge Lee held that

> [A]ll a plaintiff is required to plead in order to state a claim for a FLSA violation is (1) that he worked overtime hours without compensation; and (2) that the employer knew or should have known that he worked overtime but failed to compensate him for it.

*Rodriguez v. F&B Sols. LLC*, 20 F. Supp. 3d 545, 547 (E.D. Va. 2014). This court has reaffirmed that standard multiple times since. *See, e.g., Seagram v. David's Towing & Recovery, Inc.*, 62 F. Supp. 3d 467, 474 (E.D. Va. 2014); *Brockdorff v. Wells Mgmt. Grp., LLC,* No. 3:15-cv-137,

2

2015 WL 3746241, at *3 (E.D. Va. June 15, 2015); *Orbit Corp. v. FedEx Ground Package Sys., Inc.*, No. 2:14-cv-607, 2015 WL 4605767, at *3 (E.D. Va. July 30, 2015).

The Amended Complaint easily satisfies this standard. Plaintiffs allege that they were never paid an overtime premium for any of the hours they worked beyond 40 in a given week. (Am. Compl., ECF No. 8 at ¶33). If the Court accepts this assertion as true—as it must, on the posture of a 12(b)(6) motion—then the Plaintiffs can estimate the total hours that they worked on-the-clock in each two-week pay period simply by dividing their gross pay by their respective hourly rates. Plaintiffs can then estimate the average number of hours they worked in each week of the two-week pay period, simply by dividing this number by two. (*See id*. at ¶37). If the resulting estimated weekly hours exceed forty, then it stands to reason that the Plaintiff worked overtime during that week. Applying these reasonable inferences, Plaintiffs estimate that they worked overtime in the great majority of the weeks for which they have copies of their paychecks. (*See id.* at ¶38).

These factual allegations and inferences are more than enough to state an FLSA overtime claim, under the well-known burden-shifting analysis laid down by the Supreme Court in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686–88 (1946). In *Mt. Clemens Pottery*, the Court noted that while an employee who brings an FLSA overtime claim has the burden of proving that she performed work for which she was not properly compensated, courts must not make that burden "an impossible hurdle for the employee." 328 U.S. at 686–87. And as the Court explained, it is the employer, not the employee, who is in the best position to know the precise amount of work performed—not least because the employer has a statutory and regulatory duty to keep proper records of wages, hours, and other employment practices. *See id.* at 687; *see also* 29 C.F.R. § 516.2(a)(5)–(12) (duty to keep records) *and* § 516.5(a) (records must be kept for three years). If the employer has failed to keep those records, and the employee's records are scattered or imprecise (as the Court recognized is often the case), the *Mt. Clemens Pottery* Court held that "the solution…is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work." 328 U.S. at 687.

"Such a result," the Court held, "would place a premium on an employer's failure to keep proper records in conformity with his statutory duty; it would allow the employer to keep the benefits of an employee's labors without paying due compensation as contemplated by the [FLSA]." *Id.* Thus, the Court set out what it called "a proper and fair standard" by which employees can state a claim under the FLSA, even if they don't have precise records of all of the work they performed. *Id.* All an employee needs to do, the Court held, is produce enough evidence to show the amount and extent of his or her work "as a matter of just and reasonable inference." *Id.* The burden then shifts to the employer to produce evidence sufficient to show the precise amount of work performed, or to negate the reasonableness of the employee's inferences. *Id.* If the employer fails to do so, then a court may award damages to the employee, "although the result be only approximate." *Id*. *See also* Davis v. Food Lion, 792 F.2d 1274, 1276 (4th Cir. 1986) (adopting the *Mt. Clemens Pottery* analysis).

As demonstrated above, Plaintiffs' evidence, incomplete though it may be, is more than enough to allow a court to draw "just and reasonable inferences" about the amount of work that Plaintiffs performed, and to conclude that they worked significant overtime hours throughout their employment with Defendants. Plaintiffs have also alleged that they were never paid an overtime premium for any of their weekly hours beyond 40, and that Defendants either knew or should have known about it. (*See* Am. Compl., ECF No. 8 at ¶¶33–34). If Defendants have records in their possession that shows the precise amount of work that Plaintiffs performed—as they were required to keep under the FLSA and its accompanying regulations (*See id.* at ¶39), Defendants can produce those records in discovery, allowing the parties and the Court to determine Plaintiffs' damages with certainty. As the *Mt. Clemens Pottery* court recognized, this procedure—not dismissal—is the proper way for Defendants to challenge Plaintiffs' complaint.

Thus, the Court should find that Plaintiffs have stated a claim for overtime damages under the FLSA, and Defendants' motion to dismiss should be denied.

### III. Plaintiffs' federal FLSA claims do not preempt their state-law breach-of-contract claims, because the contract claims do not require Plaintiffs to prove that Defendants violated the FLSA.

In their brief, Defendants flatly assert that "state law causes of action, such as breach of contract, are preempted by the FLSA." (ECF No. 6 at 10). In support of this proposition, Defendants cite *Anderson v. Sara Lee Corp.*, 508 F.3d 181 (4th Cir. 2007). In *Anderson*, the Fourth Circuit held that the plaintiffs' state-law claims for breach-of-contract, negligence, and fraud were all preempted by the FLSA. However, as the court explained, this was only because "critically," these state-law claims "all depend[ed] on establishing that Sara Lee violated the FLSA." 508 F.3d at 193. For example, the *Anderson* plaintiffs' breach-of-contract claim alleged that the employer violated an implied promise *to comply with the FLSA*; similarly, the bad conduct underlying the plaintiffs' negligence and fraud claims was the employer's alleged failure *to comply with the FLSA*, either carelessly or willfully. *See id.*

This distinction matters. As the Western District of Virginia recently noted, since *Anderson* was decided, district courts in the Fourth Circuit have distinguished between state-law claims that require plaintiffs to prove that their employer violated the FLSA, and claims that do not. The former are preempted; the latter are not. *See Guerra v. Guadalajara IV*, No. 3:16-cv-00020, 2016 WL 376444 at *3 (W.D. Va. July 16, 2016) (collecting cases). If a claim seeks compensation under state law for minimum wages or overtime required by the FLSA, "*Anderson* makes clear that these claims are preempted by the FLSA and must be dismissed." *Id.*, *citing Martinez-Hernandez v. Butterball, LLC*, 578 F. Supp. 2d. 816, 819 (E.D.N.C. 2008). If, however, a state-law claim is "separate and distinct" from an FLSA claim—for example, if it alleges that the defendant failed to pay wages that are higher or different than those required by the FLSA— then those claims are not preempted and may proceed. *See Guerra*, 2016 WL 276444 at *3, quoting *Moodie v. Kiawah Island Inn Co., LLC*, 124 F. Supp. 3d 711, 725 (D.S.C. 2015).

5

Here, Plaintiffs' breach-of-contract claims are not predicated on Reliable Assents' having violated the FLSA. Rather, the claims seek to enforce Reliable's oral promise to pay Plaintiffs certain hourly wages in exchange for their work. Specifically, Plaintiffs allege that Defendants hired them to work as building-cleaners in exchange for wages of $9.00 and $10.00 per hour, respectively. (*See* Am. Compl., ECF No. 8 at ¶¶14–15). Plaintiffs then allege that the company failed to pay them any wages at all for certain hours of work that they performed in each pay period, breaching the contract. (*See id.* at ¶¶41–44). The FLSA doesn't enter into the picture, and Plaintiffs will not have to prove that Defendants violated the FLSA in order for their contract claims to succeed. Thus, the contract claims are not preempted.

**Conclusion**

As demonstrated above, Defendants' motion to dismiss the original Complaint is moot, because that complaint has been superseded by an Amended Complaint. Moreover, Plaintiffs' FLSA overtime claims as alleged in their Amended Complaint survive 12(b)(6) review, because Plaintiffs have alleged sufficient evidence of Defendants' overtime violations "as a matter of just and reasonable inference" under *Mount Clemens Pottery*. Finally, Plaintiffs' federal FLSA claims do not preempt their state-law breach-of-contract claims, because the contract claims do not require Plaintiffs to prove that Defendants violated the FLSA.

For all these reasons, Defendants' motion to dismiss should be denied.

Respectfully submitted,

/s/ Nicholas Cooper Marritz                                    Date: October 21, 2016
Nicholas Cooper Marritz (Va. Bar No. 89795)
Simon Y. Sandoval-Moshenberg (Va. Bar No. 77110)
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Tel: (703) 778-3450
Fax: (703) 778-3454
nicholas@justice4all.org
simon@justice4all.org
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 21, 2016, I uploaded the foregoing *Memorandum in Opposition to Defendants' Motion to Dismiss* to the Court's CM/ECF system, which will cause a Notice of Electronic Filing to be sent to Defendants' counsel of record:

>	Nicholas H. Hantzes
>	Michael D. Hall
>	Hantzes & Associates
>	1749 Old Meadow Road, Suite 308
>	McLean, Virginia 22102
>	(703) 378-5000
>	nhantzes@hantzeslaw.com
>	mhall@hantzeslaw.com
>	*Counsel for Defendants*

/s/ Nicholas Cooper Marritz			October 21, 2016
Nicholas Cooper Marritz (VSB No. 89795)
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Tel: (703) 720-5607
Fax: (703) 778-3454
nicholas@justice4all.org
*Attorney for Plaintiffs*