I**N THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

———————————————————————————

| | |
|---|---|
| **DENIA ELIZABETH ESPINOZA DUBON, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | )   **Case No. 1:16-cv-1172** |
| **v.** | )   **(AJT/MSN)** |
| | ) |
| **RELIABLE ASSETS, INC., et al.,** | ) |
| | ) |
| **Defendants.** | ) |

———————————————————————————

## <u>REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS</u>

Defendants Reliable Assets, Inc., Ghulam Nabi, and Magda Aguirre, by and through their undersigned counsel hereby file this Reply to Plaintiffs Denia Elizabeth Espinoza Dubon and Adanelia Mejia de Flores's Opposition to Defendant's Motion to Dismiss.

**I.       Defendants' Motion to Dismiss Has Been Rendered Moot.**

Plaintiffs instituted the present proceedings by filing of the Original Complaint on September 16, 2016.  Defendants filed a Motion to Dismiss all counts ("Motion to Dismiss") on October 13, 2016 (ECF No. 5).  In response to the Motion to Dismiss, Plaintiffs filed an Amended Complaint (ECF No. 8) on October 17, 2016 and an Opposition to the Motion to Dismiss ("Opposition") on October 21, 2016 (ECF No.9).

In their Opposition, Plaintiffs state that the Amended Complaint acts to supersede the Original Complaint and, as a result, moots the Motion to Dismiss directed at the Original Complaint.  Defendants agree.  The Motion to Dismiss was specifically directed to (and drafted and tailored towards) the specific allegations of the Original Complaint.  The Amended Complaint presents new and revised allegations, to which Defendant must now (and is entitled

to) respond.   Therefore, Defendants agree with Plaintiffs that because the Original Complaint is no longer operative, the Motion to Dismiss is moot.

## II.     Defendant's Substantive Arguments As to Amended Complaint are Meritless and Not Properly Raised.

Rather than limiting their opposition to the Motion to Dismiss and allegations of the Original Complaint, Plaintiffs instead use their Opposition to anticipate a future motion to dismiss and argue about the merits of the Amended Complaint.   This is completely inappropriate.   Any future argument regarding the Amended Complaint and whether or not the allegations contained therein were well-pled should have been left for a later day if (or when) Defendants elected to file a new motion to dismiss the Amended Complaint.   Rather, Plaintiffs jumped the gun and presented their side of the anticipated argument now in order to get the first word.   This runs counter to the motions practice of this court.   Plaintiffs address points that may or may not be made and what they anticipate Defendants arguments to be regarding the new and revised allegations is completely speculative.   The Opposition should have been limited exclusively to the Motion to which it was responding, not as a platform to espouse the merits of a new pleading which it filed just days before.

Defendants explicitly reserve the right to file a motion to dismiss (or other responsive pleading, as appropriate) to the Amended Complaint, as is their right and as is appropriate in context of the Federal Rules of Civil Procedure and the Local Rules of this Court.   However, Plaintiffs' substantive arguments cannot go unaddressed, even if just briefly.   As is clear from the new and revised allegations of Plaintiffs' Amended Complaint and the substantive arguments of its Opposition, Plaintiffs are essentially playing a game of cat-and-mouse.   In the Original Complaint, Plaintiffs refused to provide even the most basic estimation or approximation of

overtime hours worked or, even, how often overtime hours were worked.  Rather, as detailed in the Motion to Dismiss, the allegations were just a conclusory recitation of the pertinent statute which failed to state a claim.  This time around, Plaintiffs make reference to paystubs and pay records in their possession and assert an approximation of how man weeks they worked overtime.  Again, however, Plaintiffs have failed to provide even an approximation for the most basic and important question: ***how much overtime is there***.

There is no estimation *at all* of how much overtime is alleged to have been worked and not properly compensated or an approximation of the overtime wages owed.  With Plaintiffs' Amended Complaint, the answer could be just a few hours of overtime worth a few hundred dollars, or it could be hundreds or thousands of hours of overtime worth tens of thousands of dollars.  Indeed, Plaintiffs do not even provide a claimed damage amount in their request for relief.  Plaintiffs' Amended Complaint demands that the Defendants and this Court estimate (or guess at) the amount of overtime for them.  This is something they cannot do to state a claim.

Plaintiffs' goal with its pleadings is clear: to provide no information or estimation of the overtime worked or overtime wages owed of their own until they obtain Defendants' records.  This fishing expedition is neither appropriate nor permissible under the FLSA and Federal Rules of Civil Procedure.  Regardless of Defendants' obligations to keep records and the ultimate burdens of proof at trial, it remains Plaintiffs' obligation to state a claim in its Amended Complaint, which they have not done.  Even Plaintiffs' own cited cases recognize this fact.  In *Seagram v. David's Towing & Recovery, Inc.*, the Court noted, even under the "lenient" standard espoused by the Plaintiff, to state a claim, a plaintiff must plead "the amount and extent of the work" which the plaintiff in that case did by alleging the approximate number of hours he worked each week, which exceeded 40 hours.  *Seagram v. David's Towing & Recovery, Inc.*, 62

F.Supp.3d 467, 474 (E.D.Va. 2014) (citing and quoting *Harder v. ARCO Welding, Inc.* 3:11-cv-396, 2011 WL 5599396, \*3 (E.D.Va. Nov. 17, 2011) ).

## CONCLUSION

For the foregoing reasons, Defendants agree that the Motion to Dismiss is moot due to the filing of the Amended Complaint.  However, Defendants reserve their right to file an appropriate responsive pleading to the Amended Complaint, including a motion to dismiss.


Respectfully submitted,


_____/s/_____
Nicholas Hantzes (VSB # 23967)
Michael Hall (VSB # 85481)
HANTZES & ASSOCIATES
1749 Old Meadow Road, Suite 308
McLean, Virginia 22102
Tel: (703) 378-5000
Fax: (703) 448-4436
nhantzes@hantzeslaw.com
mhall@hantzeslaw.com
*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 25th day of October 2016, I electronically filed the foregoing

Reply to Opposition to Motion to Dismiss with the Clerk of the Court for the Eastern District of

Virginia using the CM/ECF system, which will then send a notification of such filing (NEF) to

the following:

Nicholas Marritz (VSB 85795)
Simon Y. Sandoval-Moshenburg (VSB 77110)
Legal Aid Justice Clinic
6086 Leesburg Pike, Suite 520
Falls Church, VA 22041
Nicholas@justice-4all.org
simon@jsutice-4all.org
*Counsel for Plaintiffs*

                                    _____/s/_____
                                      Nicholas Hantzes (VSB # 23967)
                                      Michael Hall (VSB # 85481)
                                      HANTZES & ASSOCIATES
                                      1749 Old Meadow Road, Suite 308
                                      McLean, Virginia 22102
                                      Tel: (703) 378-5000
                                      Fax: (703) 448-4436
                                      nhantzes@hantzeslaw.com
                                      mhall@hantzeslaw.com
                                      *Counsel for Defendants*