# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| Denia Elizabeth Espinoza Dubon et al.<br><br>Plaintiffs,<br><br>v.<br><br>Reliable Assets, Inc., et al.,<br><br>Defendants | Civ. No: 1:16-cv-1172-AJT-MSN |

## JOINT DISCOVERY PLAN PURSUANT TO RULE 26(f)

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the parties, by counsel, hereby agree to the following discovery plan:

### Rule 26(f) Conference

Counsel for the parties conferred as required by Rule 26(f) on November 8 2016.

### Service by e-mail only

Any documents required to be served on the opposing party, with the exception of discovery answers and productions, may be served by e-mail only.

### Initial Disclosures

The parties shall exchange initial disclosures as required by Rule 26(a)(1)(A) on or before December 12, 2016.

### Discovery

All discovery shall be subject to the limitations set forth in the Court's Scheduling Order, including the order that all discovery be complete by Friday, March 10, 2017, the Federal Rules

of Civil Procedure, and the Local Rules of this Court, subject to either party's right to seek leave to propound additional discovery requests or depositions. All written discovery shall be served in time to assure that it is answered before the deadline for completion of discovery. The parties agree that discovery should not be conducted in phases or limited in advance to particular issues but shall be subject to the right of either party to object to particular discovery requests in accordance with the applicable rules. The Parties may file with the Court at a later time a Joint Protective order for certain confidential, personnel, financial, and personal information and testimony, or either party may request such an order.

**Filing Under Seal**

The parties understand and agree that filings under seal are disfavored and discouraged. *See Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575-76 (4th Cir. 2004). Any motion to file a document under seal, including a motion for entry of a protective order containing provisions for filing documents under seal, will comply with Local Civil Rule 5 and will be noticed for a hearing or made in open court. The motion will state sufficient facts supporting the action sought, and each proposed order will include specific findings.

**Deadline for Amended Pleadings and Joinder of Parties**

All motions to amend pleadings and join additional parties shall be filed by December 16, 2016, absent court order.

**Deadline for Filing Motions**

The Parties request that the Court set the deadline for filing summary judgment motions, if any, at the March 16, 2017 final pretrial conference.

**Depositions**

Any limit in the number of depositions imposed by the court or by the Rules shall not apply to depositions of a party to this lawsuit. Each deposition is limited to a maximum of one day, consisting of seven hours, unless extended by agreement of the parties or order of the Court.

**Expert Witnesses**

Pursuant to Local Rule 26(D), the parties agree that the expert disclosures required by Rule 26(a)(2) shall be made as follows:

Plaintiff's Expert(s):   January 13, 2017

Defendant's Expert(s):    February 13, 2017

Rebuttal Expert(s):    February 24, 2016

**Subpoenas**

The parties expressly reserve their rights to conduct additional discovery through the use of subpoenas pursuant to Fed. R. Civ. P. 45.

**Electronically stored information** ("ESI")

ESI is not likely to be a major component of this case. The parties agree to cooperate in the exchange of ESI in a reasonable manner to mitigate the expense of production. All ESI may be produced in a reasonably usable image file format, and such ESI will be produced without any modification or change, provided, however, the producing party may insert a Bates number. If a party receives a particular ESI document or file during the course of discovery and has a reasonable and articulable reason for requesting the native format or metadata associated with that PDF or other ESI, the receiving party may request the native format or metadata from the producing party. A producing party will accommodate such reasonable requests to the extent

practicable but the Parties reserve the right to object to any such requests or seek to compel production.

Nothing in the preceding paragraph shall be construed to restrict the scope of discovery.

**Privilege Issues**

The parties agree that any claims of privilege made within discovery responses will be addressed in an appropriate log. However, communications between client and litigation counsel, communications between litigation counsel, and work-product of litigation counsel need not be so addressed. With the exception noted, the objecting party will identify the responsive documents which are withheld and the basis for same in log form, noting date, author, addressee, type of document, and generic description of contents.

**Settlement**

The parties acknowledge that they have discussed their claims and defenses and the possibility of settlement with their respective counsel, and that such discussions will continue as discovery takes place.

**Trial By Magistrate**

The Parties do not consent to have the trial conducted by the Magistrate Judge.

Respectfully submitted,


By: _____//s//_____          Date: November 9, 2016
Nicholas Cooper Marritz (VSB No. 89795)
Simon Y. Sandoval-Moshenberg (VSB No. 77110)
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike, Suite 520
Falls Church, Virginia 22041
Tel: (703) 778-3450
Fax: (703) 778-3454
nicholas@justice4all.org
*Counsel for Plaintiffs*


By: _____//s//_____
Nicholas H. Hantzes
Michael D. Hall
Hantzes & Associates
1749 Old Meadow Road, Suite 308
McLean, Virginia 22102
(703) 378-5000
nhantzes@hantzeslaw.com
mhall@hantzeslaw.com
Counsel for Defendants