UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

DENIA ELIZABETH ESPINOZA DUBON
and ADANELIA MEJIA de FLORES,

*Plaintiffs*,

v.

RELIABLE ASSETS, INC. *et al.*,

*Defendants*

Civ. No: 1:16-cv-1172-AJT-MSN

**Plaintiffs' Memorandum in Opposition to Defendants' Motion to Partially Dismiss**

**I. Plaintiffs' Amended Complaint pleads facts sufficient to raise a plausible inference that they worked overtime without proper compensation in at least one workweek.**

In order to state a claim for unpaid overtime under the FLSA, all that Plaintiffs are required to do is allege that they worked overtime hours without compensation in at least one workweek, and that the Defendant knew or should have known about it. *Rodriguez v. F&B Solutions* LLC, 20 F. Supp. 3d 545, 547 (E.D. Va. 2014). Plaintiffs recognize that federal courts across the country disagree regarding the level of specificity required for an FLSA overtime claim to survive Rule 12(b)(6). But although Defendants' brief cites several cases where courts have applied a more demanding pleading standard, none of those cases are binding on this Court. Indeed, most courts within the Fourth Circuit—including this one—find the relatively lenient standard appropriate. *See Govan v. Whiting-Turner Contracting Co.*, 146 F. Supp. 3d 763, 766

(D.S.C. 2015) (collecting cases). Under that basis alone, Plaintiffs Amended Complaint states a claim.

In any event, Plaintiffs have pled additional facts that are more than sufficient to give rise to a plausible inference that they worked overtime in at least one workweek. Specifically, Plaintiffs plead they have in their possession copies of paychecks that show the gross wages they were paid in a significant number of two-week pay periods. (*See* ECF No. 8, Amended Complaint, ¶¶35–36). Plaintiffs then assert that their average weekly hours in any pay period can be plausibly inferred as follows: because Defendants never paid Plaintiffs the legally-required time-and-a-half overtime premium, a Plaintiff can plausibly infer the total hours that she worked on-the-clock in each two-week pay period simply by dividing her gross pay from that pay period by her hourly rate. (*Id*. at ¶37). The Plaintiff can then plausibly infer the average number of hours she worked in each week of the two-week pay period, simply by dividing this number by two. (*Id.*). Applying these plausible inferences, Plaintiffs estimated that they worked overtime in at least 38 and 42 of their workweeks, respectively. (*Id.* at 38).

The Supreme Court has endorsed the use of "just and reasonable inferences" in proving workers' damages under the FLSA, under the familiar burden-shifting analysis laid down in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686–88 (1946). The Court did so because it recognized that workers' records are often scattered or imprecise, and they may not be able to recall from memory how many hours they worked on any particular workday within a two- or three-year limitations period. *See id.* at 687. And as the Court further observed, it is the employer, not the employee, who is in the best position to know the precise amount of work performed—not least because the employer has a statutory and regulatory duty to keep proper records of hours worked, regular and overtime wages paid, and other employment practices. *See id.* at 687; see also 29 C.F.R. § 516.2(a)(5)–(12) (duty to keep records) *and* 516.5(a) (records must be kept for three years). Plaintiffs' use of inferences to determine their weekly hours is thus fully in keeping with the *Mt. Clemens Pottery* rationale—a doctrine which is still good law even

2

after 70 years. *See, e.g., Davis v. Food Lion*, 792 F.2d 1274, 1276 (4th Cir. 1986) (adopting the *Mt. Clemens Pottery* analysis).

Here, Defendants nonetheless object to Plaintiffs' use of inferences to show their weekly hours at the motion-to-dismiss stage, arguing that the *Mt. Clemens Pottery* Court was only concerned about setting too high a bar for a plaintiff to ultimately meet her *burden of proof*, and said nothing about using inferences to meet her burden of *plausibility* at the pleading stage. (Defs.' Memorandum in Support of Motion to Partially Dismiss Am. Compl. (("Defs.' Brief")), ECF No. 14 at 8). This argument actually cuts in Plaintiffs' favor, however, as Plaintiffs' burden of proof at trial—a preponderance of the evidence—is of course *higher* than the "plausibility" standard necessary to state a claim. If Plaintiffs' facts, taken as true, would give rise to an inference sufficient to support a jury verdict, then by definition, those facts will also state a claim for relief at the pleadings stage.

Indeed, even if the Court believes that the facts as pled in the Amended Complaint give rise to multiple plausible inferences—only *one* of which is that Plaintiffs in fact worked overtime without proper compensation during certain workweeks—that is *still* enough to survive a motion to dismiss under Rule 12(b)(6). This is because, as the Fourth Circuit has observed, "*Twombly*[]…does not impose a probability standard at the motion-to-dismiss stage." *SD3, LLEC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 425–26 (4th Cir. 2015) (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 678 (U.S. 2009)). "When a court confuses probability and plausibility, it inevitably begins weighing the competing inferences that can be drawn from the complaint." *SD3, LLC*, 801 F.3d at 425. But at the motion-to-dismiss stage, the court's sole inquiry is whether the facts as alleged give rise to *even one* plausible inference that the defendant has acted unlawfully. If so, the Rule 12(b)(6) motion should be denied.

Because Plaintiffs' facts as alleged give rise to such an inference, then, Defendants' 12(b)(6) motion should be denied.

## II. FLSA plaintiffs are not required to estimate the total number of hours that they worked without receiving overtime premiums over the three-year limitations period, nor their total damages, in order to state a claim.

Throughout their brief, Defendants argue that, to state a claim, an FLSA plaintiff must indicate "the overtime compensation to which she was entitled or the number of hours she worked without proper overtime compensation…" (Defs.' Brief, ECF No. 14 at 5). However, FLSA overtime claims have only four elements, and the total number of overtime hours or damages are not among them. Instead, to prevail on an FLSA overtime claim, a plaintiff must prove that:

(1) the defendant "employed" the plaintiff under the Act;

(2) the defendant's business has sufficient links to interstate commerce;

(3) during at least one workweek, the plaintiff worked over 40 hours without being paid a time-and-a-half overtime premium for the hours above 40; and

(4) the plaintiff's work did not fall under any of the FLSA's statutory exemptions.

See 29 U.S.C. §§ 206–207; *Dutan v. Sheet Metal Remodeling, LLC*, 48 F. Supp. 3d 860, 868 (E.D. Va. 2014). Thus, Defendants' 12(b)(6) motion should be denied.

### A. FLSA plaintiffs do not have to plead the total number of improperly-paid overtime hours they worked during the three-year limitations period in order to state a claim.

As the Supreme Court recognized in *Mt. Clemens Pottery*, Plaintiffs in FLSA cases often have incomplete records and inexact recollection of how many hours they worked on particular days over many years. This is in part because an FLSA employee is entitled to assume that the employer is keeping an accurate record of her hours—after all, the FLSA itself requires the employer to do so by law. 328 U.S. at 687. (Employers are "in position to know and to produce the most probative facts concerning the nature and amount of work performed.") Recognizing this, Judge Lee held in the *Rodriguez* case that "[a]s Defendants are the party that would be in possession of Plaintiff's timesheets, it would serve little purpose to require Plaintiff to amend her Complaint to include an estimate of the number of overtime hours she worked when that

4

information will be provided by Defendants during discovery." 20 F. Supp. 3d at 548. So it is in this case.

Defendants respond that their statutory duty to keep accurate records of Plaintiffs' wages and hours is irrelevant at the pleadings stage, because Plaintiffs may ultimately challenge the accuracy of the records. (Defs.' Brief, ECF No. 14 at 8 n.1). That objection is premature—the Court should not dismiss a well-pleaded complaint based on a hypothetical challenge by Plaintiffs to records that they have not yet seen. If Plaintiffs do ultimately challenge the accuracy of Defendants' records, that would raise an issue of fact best resolved "through the weighing of conflicting evidence, the judging of the reliability of witnesses and the consideration of the general conduct of the parties to the suit." *Mt. Clemens Pottery Co.*, 328 U.S at 689.

Moreover, Plaintiffs' allegations in the Amended Complaint are based not on Defendants' records, but on their *own* records—Plaintiffs' copies of their paychecks. (*See* Amd. Compl., ECF No. 8 at ¶¶35–38). Based on those records, Plaintiffs have raised a plausible inference that they worked overtime without receiving overtime premiums during their employment with Defendants. Having done so, "it would serve little purpose to require Plaintiffs to amend [their] Complaint to include an estimate of the number of overtime hours [they] worked when that information will be provided by Defendants during discovery." *Rodriguez*, 20 F. Supp. 3d at 548. Thus, Defendants' 12(b)(6) motion should be denied.

### B. FLSA plaintiffs do not have to estimate their damages in order to state a claim.

Throughout their brief, Defendants further complain that the Amended Complaint does not state an estimate of Plaintiffs' damages. Such an estimate is simply not necessary in order to state a claim. The purpose of a 12(b)(6) motion is to test the *sufficiency* of a plaintiff's claim. *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). How much that claim may ultimately be *worth* is a question for the finder of fact. *See also Johnson v. Aetna Ins. Co.*, 308 F. Supp. 33, 34 (D.S.C. 1970) ("The demand for judgment forms no part of the claim for relief[.]"). Thus, Defendants' 12(b)(6) motion should be denied.

**Conclusion**

Plaintiffs' Amended Complaint alleges facts giving rise to a plausible inference that they worked overtime hours without proper compensation during at least one workweek within the statute of limitations. Under the FLSA, that is all they are required to do.

Thus, Defendants' motion to dismiss should be denied.


Respectfully submitted,


/s/ Nicholas Cooper Marritz                                  Date: November 14, 2016
Nicholas Cooper Marritz (Va. Bar No. 89795)
Simon Y. Sandoval-Moshenberg (Va. Bar No. 77110)
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Tel: (703) 778-3450
Fax: (703) 778-3454
nicholas@justice4all.org
simon@justice4all.org
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 14, 2016, I uploaded the foregoing *Plaintiffs' Memorandum in Opposition to Defendants' Partial Motion to Dismiss* to the Court's CM/ECF system, which will cause a Notice of Electronic Filing to be sent to Defendants' counsel of record:

> Nicholas H. Hantzes
> Michael D. Hall
> Hantzes & Associates
> 1749 Old Meadow Road, Suite 308
> McLean, Virginia 22102
> (703) 378-5000
> nhantzes@hantzeslaw.com
> mhall@hantzeslaw.com
> *Counsel for Defendants*

/s/ Nicholas Cooper Marritz                    November 14, 2016
Nicholas Cooper Marritz (VSB No. 89795)
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Tel: (703) 720-5607
Fax: (703) 778-3454
nicholas@justice4all.org
*Attorney for Plaintiffs*